[Cite as *Kenesky dba Superior Quality Machine v. M. Weingold & Co.*, 2014-Ohio-4987.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| JOSEPH KENESKY dba SUPERIOR QUALITY MACHINE, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellant, | : | **CASE NO. 2014-P-0039** |
| | : | |
| - vs - | : | |
| | : | |
| M. WEINGOLD & CO., et al., | : | |
| | : | |
| Defendants-Appellees. | | |

Civil Appeal from the Court of Common Pleas, Case No. 2013 CV 0764.

Judgment: Appeal dismissed.

*Joseph A. Pfundstein*, 21403 Chagrin Boulevard, Suite 295, Solon, OH 44139 (For Plaintiff-Appellant).

*David L. Meyerson*, *Seaman Garson LLC*, Rockefeller Building, 614 West Superior Avenue, Suite 1400, Cleveland, OH 44113 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1}     A review of the docket in this matter reveals that on April 8, 2011, Superior Quality Machine, filed an action, case number 2011 CV 00435, in the Portage County Court of Common Pleas against M. Weingold & Co. On August 3, 2012, Superior Quality Machine filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a) with the trial court.

**{¶2}** On August 2, 2013, Superior Quality Machine refiled an action in the Portage County Court of Common Pleas against M. Weingold & Co., and added Loren Margolis and Jack Weingold as defendants, which was assigned case number 2013 CV 00764. On September 10, 2013, defendants-appellees, M. Weingold & Co., Loren Margolis and Jack Weingold, filed a motion to dismiss asserting that since Superior Quality Machine is a fictitious entity that is not registered to do business in the state of Ohio, it lacks standing to bring a claim. On October 24, 2013, Joseph Kenesky dba Superior Quality Machine filed an amended complaint. Thereafter, the trial court denied the appellees' motion to dismiss.

**{¶3}** On April 25, 2014, appellees filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), alleging that the October 24 amended complaint filed by Superior Quality Machine changed the plaintiff's identity to Joseph Kenesky dba Superior Quality Machine, which, appellees claimed was a new party to the complaint and, therefore, constituted a new complaint and original filing. Thus, appellees stated that appellant has failed to obtain proper service of the complaint and summons. On June 5, 2014, the trial court dismissed the amended complaint without prejudice. It is from that entry that appellant filed the instant appeal.

**{¶4}** On July 11, 2014, appellees filed a motion to dismiss this appeal for lack of jurisdiction. In their motion, appellees allege that this court lacks jurisdiction to consider this appeal because the entry dismissing the amended complaint without prejudice is not a final appealable order. No brief or memorandum in opposition to the motion has been filed.

{¶5} Pursuant to Civ.R. 41(B)(3), a dismissal under Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Generally, a dismissal without prejudice constitutes "an adjudication otherwise than on the merits" with no res judicata bar to refiling the suit. *Thomas v. Freeman*, 79 Ohio St.3d 221, 225, fn. 2 (1997); See, also, *Arner v. Andover Bank*, 11th Dist. No. 2008-P-0056, 2008-Ohio-5857, at ¶ 2. This court has previously stated that a dismissal without prejudice leaves the parties in the same position as if the plaintiff had never brought the action. *Id.* Furthermore, in most cases, as long as a party may refile or amend a complaint, a dismissal without prejudice is not a final appealable order. *Id.* A dismissal without prejudice is not a final determination of the rights of the parties and, therefore, pursuant to R.C. 2505.02, does not constitute a final order. *Showe Management Corp. v. Wilmore*, 5th Dist. No. 11 CA 123, 2012-Ohio-3212, at ¶ 23.

{¶6} Here, in its June 5, 2014 entry, the trial court clearly stated that the action was dismissed without prejudice. Hence, the trial court's dismissal without prejudice is not a final appealable order since appellant has the ability to refile the claims within the time allowed by the applicable law.

{¶7} Based on the foregoing analysis, this court lacks jurisdiction to consider this appeal at this time, and appellees' motion to dismiss the appeal is hereby granted.

{¶8} Appeal dismissed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3