[Cite as *Garr v. Columbia Polymers, Inc.*, 2016-Ohio-7555.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| JEANETTE M. GARR, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0076** |
| COLUMBIA POLYMERS, INC., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2009 CV 02588.

Judgment: Appeal dismissed.

*Jeffrey A. Kurz*, 42 North Phelps Street, Youngstown, OH 44503 (For Plaintiff-Appellant).

*William P. McGuire*, 106 East Market Street, Suite 705, P.O. Box 1243, Warren, OH 44482-1243 (For Defendants-Appellees).

TIMOTHY P. CANNON, J.

{¶1}  Appellant, Jeanette M. Garr, by and through counsel, filed a notice of appeal from an entry in which the Trumbull County Court of Common Pleas "dismissed [the case] without prejudice for want of prosecution pursuant to Sup. Rule 40(A)."

{¶2}  On August 30, 2016, this court issued an entry ordering appellant to show cause why her appeal should not be dismissed for lack of a final appealable order.  In response to that entry, appellant filed a brief in support of jurisdiction alleging that she may have already invoked the savings statute.  She asserts that this case was originally filed in 2007, voluntarily dismissed in 2008, and refiled in 2009.  Appellant assumes that

the trial court intended to allow her to refile the action because of its dismissal of the 2009 case without prejudice on July 1, 2016. Therefore, she requests that this court determine that the July 1, 2016 entry was a final appealable order or remand the matter to the trial court to determine whether or not the savings statute has been invoked.

{¶3} On September 16, 2016, appellees, Columbia Polymers, Inc. and David Zuppan, filed a reply to appellant's response to the show cause order. Their position is that appellant has previously invoked the savings statute, and thus, the trial court's July 1st entry dismissing the case for want of prosecution is a final order.

{¶4} Appellant originally initiated this action against appellees in 2007, and that case was assigned case no. 2007 CV 1250. Appellant's complaint originally asserted that the action arose out of work she performed from 2001 to 2005, which resulted in a patent being obtained in 2006 that was allegedly wrongly issued in the name of Zuppan. Appellant raised the following causes of action: breach of contract, breach of oral contract, promissory estoppel, breach of fiduciary duty, fraud, unjust enrichment, equitable estoppels, and declaratory and injunctive relief. In May of 2008, the trial court granted summary judgment as it related to Columbia, and appellant voluntarily dismissed the 2007 case. In 2009, appellant refiled the action, which was assigned case no. 2009 CV 2588, and along with its original claims added a claim that Columbia was simply an alter ego for Zuppan. Appellant requested that the trial court pierce Columbia's corporate veil and hold Zuppan personally liable. The parties filed cross motions for summary judgment, which were denied. A hearing on a motion to enforce settlement was set for February 2014, and the motion was denied on May 18, 2016.

{¶5} In a July 1, 2016 entry, the trial court stated that since the case had been on the courts' docket without any proceedings, the case was sua sponte dismissed

2

without prejudice for want of prosecution pursuant to Sup.R. 40(A). Appellant timely filed the instant appeal from that entry.

{¶6} An appellate court may only consider appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶7} An involuntary dismissal without prejudice has generally been held not to be a final appealable order. *Arner v. Andover Bank,* 11th Dist. Ashtabula No. 2008-A-0056, 2008-Ohio-5857. A dismissal without prejudice leaves a party in the same position they were in prior to the action being filed. *Id.*

{¶8} Under R.C. 2305.19(A), the savings statute permits a plaintiff to refile a claim under certain circumstances. *Kenesky v. Weingold,* 11th Dist. Portage No. 2014-P-0039, 2014-Ohio-4987. The savings statute can only be used one time to refile a case. *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997). However, the savings statute specifically states that it is for actions where the time limited for the commencement of the matter has expired. *Triplett v. Beachwood Vill., Inc.*, 158 Ohio App.3d 465, 469 (2004). Hence, where a party is not in danger of missing the statute of limitations, that party's refiled action is not governed by the savings statute. *Id.*

{¶9} In the instant matter, the rule that the savings statute can only be used one time is irrelevant where appellant's original, and subsequent complaints, both fall within the applicable statute of limitations. Appellant filed her first complaint and later voluntarily dismissed it. She later refiled the action in 2009, and she represents her

3

causes of action carry a four-year statute of limitation. Thus, when appellant refiled her complaint in 2009, the savings statue was not invoked since, based on appellant's representations, it still fell within the applicable statute of limitations time period.

{¶10} Furthermore, the "double dismissal" rule only applies when a plaintiff has twice voluntarily dismissed an action without prejudice pursuant to Civ.R. 41(A)(1). The first voluntary dismissal of a claim without prejudice places the parties in the same position as if no suit had ever been filed. *Denman v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999). However, a second voluntary dismissal without prejudice is deemed a dismissal on the merits and, thus, is res judicata to the filing of the same cause of action for the third time. *Forshey v. Airborne Freight Corp.*, 142 Ohio App.3d 404, 411-412 (2001). Because the dismissals must be voluntary dismissals made pursuant Civ.R. 41(A)(1), the two dismissal rule does not apply where the second dismissal is made by court order. *EMC Mtge. Corp. v. Jenkins*, 164 Ohio App.3d 240 (2005).

{¶11} As applied to the case under consideration, the second dismissal of appellant's action in the trial court was accomplished by means of an order of the court and pursuant to Sup.R. 40(A). Therefore, the two dismissal rule does not pertain to this cause.

{¶12} Based upon the foregoing analysis, the trial court's judgment in the instant matter is not a final appealable order. Thus, this court is without jurisdiction to consider this appeal. Accordingly, this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.

{¶13} Appeal dismissed.


DIANE V. GRENDELL, J., concurs.

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

4