[Cite as *Moore v. Stein*, 2017-Ohio-8690.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| EDDIE MOORE, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-T-0067** |
| SHANE C. STEIN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2016 CV 01588.

Judgment: Appeal dismissed.

*Irene K. Makridis*, 155 South Park Avenue, Suite 160, Warren, OH 44481 (For Plaintiff-Appellant).

*Shane C. Stein*, pro se, 1822 Buffalo Road, Apt. 6, Erie, PA 16510 (Defendant-Appellee).

*Tina Young*, pro se, 1758 Hamilton Street, S.W., Warren, OH 44483 (Defendant-Appellee).

*Brian W. Carney*, Travelers Insurance Co., Park Center Plaza II, 6150 Oak Tree Boulevard, Suite 450, Independence, OH 44131 (For Defendant-Appellee, Travelers Insurance Co.).

CYNTHIA WESTCOTT RICE, P.J.

{¶1}    Appellant, Eddie Moore, by and through counsel, filed a notice of appeal from an entry of the Trumbull County Court of Common Pleas "dismissing his entire case when all parties were successfully served, except for the uninsured tortfeasor."

{¶2}    On August 31, 2016, appellant initiated this action against appellees, Shane C. Stein, Tina Young and Travelers Insurance Co., and raised claims of

negligence and declaratory judgment. Service was successful as to Young and Travelers, but unsuccessful as to Stein. Travelers filed a cross-claim.

{¶3} In an entry dated June 15, 2017, the trial court on its own review issued an entry indicating that more than six months had passed since the filing of the action, and no response was received by appellant after notice was given to show cause as to why the action should not be dismissed. Therefore, the court ordered that pursuant to Civ.R. 4(E), the case "is dismissed without prejudice" at appellant's costs. Appellant timely filed the instant appeal from that entry.

{¶4} An appellate court may only consider appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 11th Dist. Trumbull No. 2010-T-0131, 2011-Ohio-1299, ¶ 3. If a lower court's order is not final, an appellate court has no jurisdiction to review the matter and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

{¶5} Civ.R. 4(E) states "[i]f a service of summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party * * * cannot show good cause why such service was not made * * *, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative * * *."

{¶6} This rule intends that where service was not perfected within six months after filing the complaint, the case shall be dismissed without prejudice. *Thomas v. Freeman*, 79 Ohio St.3d 221, 225 (1997). A dismissal without prejudice leaves a party in the same position they were in prior to the action being filed. *Arner v. Andover Bank*, 11th Dist. Ashtabula No. 2008-A-0056, 2008-Ohio-5857. Furthermore, in general, as long as a party may refile or amend a complaint, a dismissal without prejudice is not a

2

final appealable order under R.C. 2505.02 because it is not a final determination as to the rights of the parties. *Kenesky v. Weingold,* 11th Dist. Portage No. 2014-P-0039, 2014-Ohio-4987, at ¶ 5.

{¶7} Under R.C. 2305.19(A), the savings statute permits a plaintiff to refile a claim within one year of dismissal in certain circumstances. The savings statute can only be used one time to refile a case. *See Thomas*, *supra*, at 227. When a party has the ability to refile a claim in accordance with the time permitted by the savings statute, the trial court's dismissal without prejudice is not a final appealable order. *Allegretti v. York*, 8th Dist. Cuyahoga No. 101231, 2014-Ohio-4480, at ¶ 15.

{¶8} Based upon the foregoing analysis, since appellant could refile his claims within one year of the dismissal, the trial court's June 15, 2017 entry dismissing the matter without prejudice is not a final appealable order. Thus, this court is without jurisdiction to consider this appeal. Accordingly, this appeal is hereby, sua sponte, dismissed for lack of a final appealable order.

{¶9} Appeal dismissed.

DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3