**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *McCullough v. Bennett*, **Slip Opinion No. 2024-Ohio-2783.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-2783

MCCULLOUGH, APPELLEE, *v.* BENNETT, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *McCullough v. Bennett*, Slip Opinion No. 2024-Ohio-2783.]**

*Saving statute—R.C. 2305.19(A)—Plaintiff may use saving statute to file claim a third time when plaintiff's first two complaints failed otherwise than on the merits and third complaint was filed within one year of dismissal of second complaint—"One-use" restriction on use of saving statute is not supported by statutory text of R.C. 2305.19(A)—Judgment affirmed.*

(No. 2022-0879—Submitted April 18, 2023—Decided July 24, 2024.)

APPEAL from the Court of Appeals for Montgomery County,
No. 29390, 2022-Ohio-1880.

_____

DEWINE, J., authored the opinion of the court, which KENNEDY, C.J., and FISCHER, DONNELLY, and DETERS, JJ., joined. STEWART, J., concurred in judgment only. BRUNNER, J., concurred in judgment only, with an opinion.

**DEWINE, J.**

**{¶ 1}** Ohio's saving statute, R.C. 2305.19(A), provides that when an action "fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." In this case, the plaintiff attempted to institute a lawsuit two times before the expiration of the statute of limitations, but both complaints were dismissed by the trial court without prejudice. He then filed a third complaint and successfully obtained service. The third complaint came after the expiration of the statute of limitations but within one year of the dismissal of the second lawsuit. The question is: Does the saving statute apply such that the lawsuit has been timely commenced?

**{¶ 2}** Under the plain terms of the saving statute, the answer is yes. The third action was "commence[d] . . . within one year after . . . the plaintiff's failure otherwise than upon the merits" on his second complaint. R.C. 2305.19(A). The defendant in the underlying action asks us to go beyond the language of the saving statute and impose a "one-use" limitation, such that the saving statute cannot be used in this case because the plaintiff's two previous complaints had been dismissed. We decline to do so. We adhere to what the statute says. Because the Second District Court of Appeals reached the same result, we affirm its judgment.

## I. BACKGROUND

### A. McCullough sues Bennett and twice refiles his lawsuit

**{¶ 3}** In April 2017, Ryan McCullough and Joseph Bennett were in a car accident. Alleging that Bennett was at fault for running a red light, McCullough sued Bennett on January 15, 2018. The case was dismissed without prejudice by the trial court on February 28, 2018, after service was returned unclaimed.

**{¶ 4}** McCullough refiled his lawsuit on June 27, 2018. This time, he was ultimately successful in obtaining service by publication. After Bennett failed to answer, the court instructed McCullough to file a motion for default judgment or

otherwise respond within 14 days. When McCullough failed to do so, the court dismissed his second complaint without prejudice for failure to prosecute on November 27, 2018. *See* Civ.R. 41(B)(1).

{¶ 5} The two-year statute of limitations for McCullough's claim expired on April 27, 2019. But relying on the saving statute, McCullough refiled his lawsuit on September 12, 2019. *See McCullough v. Bennett*, Montgomery C.P. No. 2019 CV 04163. After some procedural wrangling, he was ultimately successful in obtaining service.

{¶ 6} The graphic below shows the relevant dates and events:



## B. The trial court dismisses the action, but the court of appeals reverses

{¶ 7} Bennett moved to dismiss the third complaint, arguing that it was time-barred because the statute of limitations had expired. According to Bennett, Ohio's saving statute, R.C. 2305.19(A), could not rescue the third complaint because the first two complaints had been dismissed *before* the statute of limitations had expired. The trial court agreed and dismissed the case.

{¶ 8} The Second District reversed, concluding that the saving statute applied by its plain terms. *See* 2022-Ohio-1880, ¶ 47. The court noted that a prior version of the saving statute applied only when a case had been dismissed *after* the

3

expiration of the statute of limitations. *Id.* at ¶ 27, fn. 4. But it explained that the current version of the saving statute contained no such requirement. *Id*. at ¶ 16.

{¶ 9} The Second District also addressed whether the saving statute may be "used" more than once. *See* 2022-Ohio-1880 at ¶ 27, citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997) (noting in dicta that "the savings statute can be used only once to refile a case"). Specifically, it reasoned that McCullough did not "use" the saving statute when he filed the second complaint because "'using' the savings statute implies taking advantage of some right, benefit, or opportunity that the statute provides." *Id*. at ¶ 30. McCullough, in the court's view, did not *use* the saving statute when he filed his second complaint, because he brought it within the statute of limitations and therefore did not need to rely on the saving statute to render his second complaint timely. *Id*. at ¶ 31-34. Accordingly, it reversed the trial court's judgment.

{¶ 10} We accepted Bennett's appeal on three propositions of law. 2022-Ohio-3636. His primary argument is that a "one-use restriction" bars McCullough from invoking the saving statute a second time. He also contends that McCullough cannot rely on the saving statute to protect his third complaint because McCullough's second complaint was dismissed prior to the expiration of the statute of limitations. Finally, he contends that McCullough's claim is barred because it was not commenced within one year after service as required by Civ.R. 3(A). We will address of each of Bennett's arguments, but we begin our analysis with the plain language of the saving statute.

## II. ANALYSIS

{¶ 11} The saving statute allows plaintiffs to refile lawsuits in certain situations after the applicable statute of limitations expires, R.C. 2305.19(A). "It acts as an exception to the general bar of the statute of limitations" and is "intended to provide a litigant an adjudication on the merits." *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 11.

**{¶ 12}** The General Assembly last amended the statute in 2004. *See* Am.Sub.H.B. 161, 150 Ohio Laws, Part III, 3423, 3423-3424. Prior to the 2004 amendment, the statute provided:

> In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff . . . may commence a new action within one year after such date.

Former R.C. 2305.19, 1953 Am.H.B. No. 1, 125 Ohio Laws 7. Under this version of the saving statute, a plaintiff who voluntarily dismissed an action prior to the expiration of the statute of limitations did not garner any additional time to file a new complaint. Yet a plaintiff who dismissed an action after the expiration of the statute received an additional year to bring a new action. So, a plaintiff who dismissed an action a week prior to the expiration of the statute had to file a new complaint within a week, yet a plaintiff who waited to dismiss an action until a week after the expiration of the statute had an additional year to bring a new action. And the same held true for plaintiffs whose judgments were reversed or whose cases failed otherwise than on the merits. To address this so-called "malpractice trap," the General Assembly amended the saving statute. *See Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 2009-Ohio-1970, ¶ 9. Today it reads:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the

reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A).

### A. Under the plain language of the saving statute, McCullough's third complaint was not time-barred

{¶ 13} Bennett's chief argument is that McCullough's third complaint is time-barred because it was filed after the expiration of the statute of limitations. He contends that the saving statute cannot be used to extend McCullough's time for filing his complaint because McCullough's first two complaints had already been dismissed.

{¶ 14} Under the plain terms of the saving statute, McCullough's claim is not time-barred. Following the dismissal of his first complaint, McCullough attempted to commence the action again on June 27, 2018, within the statute-of-limitations period. That action failed "otherwise than on the merits" when the trial court dismissed the matter without prejudice for failure to prosecute on November 27, 2018. *See Frysinger v. Leech*, 32 Ohio St.3d 38, 42 (1987), quoting *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 226 (1982) (a "dismissal without prejudice constitutes a termination 'otherwise than upon the merits,' for savings statute purposes"). McCullough filed his third complaint on September 12, 2019, which was "within one year after the date of . . . [his] failure otherwise than upon the merits," R.C. 2305.19(A), on his second complaint.

{¶ 15} So, if we follow the language of the saving statute, McCullough prevails.

### B. We decline to apply the judicially created one-use restriction

{¶ 16} In arguing for a contrary result, Bennett contends that this court has created a one-use limitation on the use of the saving statute. In support, he points

to dicta from this court's opinion in *Thomas*, 79 Ohio St.3d at 227. That case dealt with the pre-2004-amendment version of the saving statute. *Id.* The trial court had dismissed the action for failure to obtain service, and Thomas—relying on the saving statute—had refiled her complaint within one year of the dismissal. *Id.* at 222. The issues in *Thomas* were (1) was the court's dismissal for failure to obtain service a dismissal otherwise than on the merits and, if so, (2) could Thomas rely on the saving statute to refile her complaint? *Id.* at 224. This court held that the answer to both questions was yes: the trial court's dismissal for failure to obtain service was otherwise than on the merits, and therefore, Thomas could rely on the saving statute to refile her complaint within one year of that dismissal. *Id.* at 228.

{¶ 17} The facts of *Thomas* did not present a question about how many times the saving statute could be used. Nonetheless, this court included a brief aside in its opinion to respond to the defendant-appellee's suggestion that "a dismissal without prejudice subjects the defendant to continued exposure." *Id*. at 227. The court explained that "the risk of abuse of continuous refilings by a less than diligent plaintiff is minimized" because of the financial disincentives of paying a second filing fee and acquiring service *and* because "the savings statute can be used only once to refile a case." *Id.* The court did not include any analysis—textual or otherwise—to explain this one-line remark, but simply cited a pair of lower-court opinions.[1] *Id.*, citing *Hancock v. Kroger Co.*, 103 Ohio App.3d 266 (10th Dist. 1995); *Iglodi v. Montz*, 1995 WL 516609 (8th Dist. Aug. 31, 1995).

---

1. The opinion concurring in judgment only accuses this majority of undermining "public confidence in this court" and engaging in "judicial activism," opinion concurring in judgment only, ¶ 35-36, because we have pointed out that the *Thomas* court did not provide any analysis to support its dicta about the one-use restriction and because we have referred to the one-use restriction as "judicially created." This criticism is perplexing. It is incontrovertible that *Thomas* did not provide any analysis beyond citing two appellate-court decisions to support the restriction. And it is equally incontrovertible that the one-use restriction could not be found in the statutory text of the version of the saving statute before the court in *Thomas*. Certainly, a rule that does not appear in the text of a statute, but instead originates in judicial opinions, is judicially created. Despite all its misplaced

**{¶ 18}** We have never cited the *Thomas* dicta suggesting that there is an unwritten one-use restriction to the saving statute. The *Thomas* dicta has, however, been invoked frequently by lower courts. *See, e.g.*, *Linthicum v. Physicians Anesthesia Serv., Inc.*, 2019-Ohio-3940, ¶ 9 (1st Dist.); *Paul v. I-Force, L.L.C.*, 2017-Ohio-5496, ¶ 36 (2d Dist.); *Wolfe v. Priano*, 2009-Ohio-2208, ¶ 27 (5th Dist.).

**{¶ 19}** The question for today is whether we adopt the *Thomas* dicta and apply it to the present case. We decline to do so. The statute before us is different from the version of the statute that applied in *Thomas*. It is also unambiguous.

**{¶ 20}** Further, the concern that motivated the *Thomas* dicta—the danger that a plaintiff could indefinitely extend the expiration of the statute of limitations by convincing a trial court to order serial dismissals without prejudice under Civ.R. 41(A)(2)—does not exist in this case. McCullough filed his second complaint before the expiration of the statute of limitations, and his third complaint was filed within a year of the dismissal of the second complaint. This is not a case that involves an attempt to indefinitely extend the statute of limitations, but rather, one that presents a single refiling after the expiration of the limitations period.

**{¶ 21}** Moreover, we note that the Civil Rules already provide protections against abusive conduct by plaintiffs to indefinitely extend a statute-of-limitations period. Under the double-dismissal rule of Civ.R. 41(A)(1), a plaintiff's voluntary

---

outrage, the opinion concurring in judgment only as much as concedes both points, relying on a convoluted—and wholly beside-the-point—argument about prior versions of the saving statute to suggest that the one-use restriction was a "necessary implication" of early versions of the statute, opinion concurring in judgment only at ¶ 31-33.

Moreover, the opinion concurring in judgment only is wrong to suggest that we violate a duty to protect public confidence in this court simply by noting (correctly) that prior dicta from this court was unreasoned. We are not bound to follow dicta in a prior decision. *State ex rel. Gordon v. Barthalow*, 150 Ohio St. 499, 505-506 (1948) (dicta is not binding). Because dicta is not binding, we must examine whether a court's reasoning is valid to ensure that we get the law right. *See* Garner et al., *The Law of Judicial Precedent* 226 (2016) ("The precedential sway of a case is directly related to the care and reasoning reflected in the court's opinion.").

dismissal acts as a "an adjudication on the merits of any claim that has once been dismissed in any court."

{¶ 22} It is true that a claim may also be dismissed at the plaintiff's insistence by order of the court under Civ.R. 41(A)(2), and such a dismissal is without prejudice "unless otherwise specified in the court order." But this rule should not be used to circumvent the limitations of Civ.R. 41(A)(1). As the Second District observed here, a trial court may appropriately preclude abusive refilings by specifying that any dismissal under Civ.R. 41(A)(2) is with prejudice. *See* 2022-Ohio-1880 at ¶ 36.

## C. A prior action's dismissal after expiration of a statute of limitations is not a condition for application of the saving statute

{¶ 23} Bennett's second argument is also refuted by the plain language of the saving statute. He contends that a plaintiff may not invoke the protections of the saving statute when the plaintiff's previous action "was administratively dismissed prior to the expiration of the underlying statute of limitations." In support, he cites *Reese v. Ohio State Univ. Hosp.*, in which we noted that the saving statute "can have no application unless . . . the applicable statute of limitations had expired by the time of such dismissal." 6 Ohio St.3d 162, 163 (1993).

{¶ 24} *Reese*, however, dealt with a prior version of the saving statute. *See* former R.C. 2305.19, 1953 Am.H.B. No. 1, 125 Ohio Laws 7. At that time, the statute only applied when "'the plaintiff fails otherwise than upon the merits, *and the time limited for the commencement of such action at the date of . . . failure has expired.*' " (Emphasis added; ellipsis in original.) *Reese* at 163, quoting former R.C. 2305.19. As we have explained, the legislature amended the saving statute to eliminate the requirement that the statute of limitations had expired at the time of the complaint's failure. The plain language of the current statute defeats Bennett's argument.

### D. We reject Bennett's commencement argument

{¶ 25} In his final proposition of law, Bennett contends that the saving statute does not apply because service was not perfected on the second complaint within the one-year commencement period set forth in Civ.R. 3(A). *See* Civ.R. 3(A) ("A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."). In support of his argument, Bennett relies on this court's decision in *Moore v. Mt. Carmel Health Sys.*, 2020-Ohio-4113.

{¶ 26} In *Moore*, the plaintiff filed his malpractice action one day before the expiration of the statute-of-limitations period. *Id*. at ¶ 4. But he neither obtained service on a doctor nor dismissed the action within Civ.R. 3(A)'s one-year commencement period. *Id.* at ¶ 5-6. The case remained on the trial court's docket, and the plaintiff finally managed to perfect service more than a year and a half after filing the action. *Id*. at ¶ 7. The court granted summary judgment in favor of the doctor because the action was not commenced within the statute-of-limitations period. *Id.* at ¶ 8.

{¶ 27} We held that the trial court had appropriately granted summary judgment because the action was not commenced within the statute-of-limitations period. *Id*. at ¶ 18. In doing so, we noted that the saving statute was inapplicable under its plain terms. *Id*. at ¶ 19. The claim had not failed "other than on the merits." Moore did not voluntarily dismiss the action. *Id*. Rather, judgment had been granted on the merits based on the statute of limitations. *Id*. at ¶ 8. Nor had Moore filed a new action. *Id*. at ¶ 19.

{¶ 28} Thus, *Moore* expressly dealt with a situation where the saving statute was inapplicable by its plain terms. This case is different because—as explained above—the saving statute applies by its plain language. In this case, the second complaint was filed on June 27, 2018, and dismissed on November 27, 2018. Unlike the complaint in *Moore*, the second complaint here was dismissed without

prejudice within a year of being filed. Also unlike in *Moore*, the dismissal of McCullough's second complaint was within the statute-of-limitations period. And within a year of the second complaint being dismissed, McCullough filed his third complaint—as permitted by the saving statute. Because the saving statute applies in this case, we reject Bennett's final proposition of law.

### III. CONCLUSION

{¶ 29} Under the plain language of the saving statute, McCullough timely filed his third complaint. We affirm the judgment of the Second District Court of Appeals.

Judgment affirmed.

_____

**BRUNNER, J., concurring in judgment only.**

{¶ 30} I concur only in the court's judgment affirming the judgment of the Second District Court of Appeals. I write separately because the majority opinion characterizes the "one-use" rule as a "judicially created" restriction that was unsupported by the text of prior versions of the saving statute. Majority opinion at ¶ 16. The prior versions of the saving statute did, however, provide support for that restriction until the amendment of R.C. 2305.19(A) in 2004, and the majority's criticism of our former decision in *Thomas v. Freeman*, 79 Ohio St.3d 221 (1997), is without basis.

{¶ 31} The saving statute was codified in Ohio's Code of Civil Procedure in 1853. At that time, the saving statute provided:

> If an action be commenced within due time, and a judgment therein for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action, within one year after such reversal or failure.

51 Ohio Laws 57, 61, § 23 (effective July 1, 1853). By its plain terms, the 1853 version of the saving statute required that the previous action be timely—i.e., "commenced within due time." *Id*. It also expressly contemplated that the statute of limitations would "have expired" during the pendency of the suit, which would mean that the "new action" would be filed *after* the limitations period had expired. *Id*. Those conditions could be met only once. If a plaintiff who had already used the statute once attempted to file a *third* complaint, after the failure of the second, that plaintiff would not be able to show that the prior action—the second complaint—had been timely filed. By definition, the second complaint would have been filed *after* the limitations period had expired. Consequently, what we now call the "one-use" rule appears to have been a necessary implication of the plain text of the 1853 version of the saving statute.

{¶ 32} Over the next hundred years, the saving statute was amended twice, but the one-use rule remained a necessary implication of the statute. In 1894, the saving statute provided:

> If, in an action commenced, or attempted to be commenced, in due time a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such reversal or failure, expired, the plaintiff . . . may commence a new action within one year after such date . . . .

R.S. 4991, H.B. No. 128, 91 Ohio Laws 72, 73.  And in 1910, when the General Assembly revised and consolidated the statutes of Ohio, replacing the Revised Statutes with the General Code, the saving statute provided:

> In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff be reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff . . . may commence a new action within one year after such date . . . .

G.C. 11233.

{¶ 33} These versions use the term "due time" a bit differently than the 1853 version.  While "due time" clearly referred to the *timely filing* of the previous complaint in the 1853 version of the saving statute, the term seems to refer to *passage of time after commencement* of the prior action in the 1894 and 1910 versions.  Nonetheless, both of the later versions continued to expressly contemplate that the statute of limitations *had expired* during the pendency of the prior suit.  R.S. 4991; G.C. 11233.  As a result, they continued to require that the previous action was timely when initially commenced or attempted to be commenced—a condition that could be met only once.  And the same held true after the saving statute was initially recodified as R.C. 2305.19 in the Revised Code in 1953.  *See* Am.H.B. No. 1, 125 Ohio Laws 7.  The one-use rule therefore remained a necessary implication of the saving statute until the next amendment of R.C. 2305.19 in 2004.  *See* Am.Sub.H.B. No. 161, 150 Ohio Laws, Part III, 3423, 3423-3424.

{¶ 34} The majority disagrees, but it offers no explanation why—and therein lies a sad irony: the majority criticizes this court's opinion in *Thomas*, 79

Ohio St.3d at 227, for failing to "include any analysis—textual or otherwise—to explain" its acknowledgment of the one-use rule, majority opinion at ¶ 17. Yet the majority fails to adhere to its own admonishment when it declares the one-use rule to have been "judicially created" and "unwritten" without engaging in any analysis of the prior versions of the saving statute to determine whether those labels are, in fact, correct. *Id*. at ¶ 16, 18.

{¶ 35} I cannot sign on to an opinion that essentially subverts judicial restraint into a veiled form of judicial activism. And it is inappropriate for the majority in this case to say that a prior composition of this court, such as in *Thomas*, failed in its duty to provide analysis to support its position, simply because it may not have explained its conclusion in the way members of this court would today.

{¶ 36} Whether or not it is intended to, today's majority opinion denigrates this court's integrity. The judgment in this case can be reached without the undue criticism that appears to say that somehow "we" in 2024 are better, smarter, and truer to the text of the Constitution than "they" were in 1997, especially when the majority's criticism is patently untrue. Regardless of the point in time of the history of this court, "we" are the court, no matter who sits on the bench. It is integral to our duty that "we," whoever we happen to be, do everything possible to protect public confidence in this court. The statements of the majority opinion asserting that the one-use rule was "judicially created" and "unwritten," without engaging in any analysis of the prior versions of the saving statute, are both unnecessary and incomplete. Accordingly, I concur in the court's judgment only.

_____

Wright & Schulte, L.L.C., Robert L. Gresham, Michael L. Wright, and Kesha Q. Brooks, for appellee.

Young & Alexander Co., L.P.A., and Jonathon L. Beck, for appellant.

Flowers & Grube, Paul W. Flowers, Melissa A. Ghrist, and Louis E. Grube, urging affirmance for amicus curiae, Ohio Association for Justice.

January Term, 2024

_____