[Cite as *WCG Properties, L.L.C. v. Clifton*, 2025-Ohio-5096.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| WCG PROPERTIES, L.L.C., | CASE NO. 2025-G-0022 |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the Chardon Municipal Court |
| GINA CLIFTON, et al., | |
| Defendants-Appellees. | Trial Court No. 2024 CVF 00893 |

## OPINION AND JUDGMENT ENTRY

Decided: November 10, 2025
Judgment: Appeal dismissed

*David M. Dvorin*, Lieberman, Dvorin & Dowd, L.L.C., 30195 Chagrin Boulevard, Suite 300, Pepper Pike, OH 44124 (For Plaintiff-Appellant).

*Gina Clifton* and *Brian Sawyer*, pro se, 11345 Kile Road, Chardon, OH 44024 (Defendants-Appellees).

*R.D. Roth Foods, Inc.*, c/o R. Douglas Roth, 838 Grady Avenue, Warren, OH 44483 (Defendant-Appellee).

JOHN J. EKLUND, J.

{¶1} Appellant, WCG Properties, L.L.C., appeals the judgment of the Chardon Municipal Court dismissing its civil complaint against Appellees, Gina Clifton, Brian Sawyer, and R.D. Roth Foods, Inc. ("R.D. Roth"), without prejudice, for failure to prosecute pursuant to Civ.R. 41(B)(1).

{¶2} Appellant raises a single assignment of error. Appellant argues that the trial court erred by dismissing its complaint because it timely perfected service on Appellees and because the harsh remedy of dismissal was not warranted. Having reviewed the

record and applicable law, we find that the trial court's judgment is not a final appealable order. The trial court's dismissal was without prejudice, and there is no indication in the record that Appellant is precluded from refiling its complaint. Therefore, we dismiss this appeal.

## Substantive and Procedural History

{¶3} On September 30, 2024, Appellant filed a civil complaint against Appellees in the Chardon Municipal Court. Appellant alleged that it owns the real property and improvements located at 15015 Kinsman Road, Middlefield, Ohio. On June 1, 2019, the parties entered into a lease agreement, wherein R.D. Roth was identified as the "tenant" and Clifton and Sawyer were identified as the "guarantors." Appellees operated a restaurant on the premises. According to Appellant, Appellees failed to comply with the terms of the lease by failing to pay rent, utilities, and other charges due and owing and by damaging the premises beyond normal wear and tear. Appellant asserted claims for breach of lease, unjust enrichment, and personal liability against Clifton and Sawyer. Appellant sought damages of $15,000, pre- and post-judgment interest, reasonable attorney fees, and costs.

{¶4} On October 2, 2024, the clerk of court issued service of the complaint and summons on Appellees by Federal Express. On October 4, 2024, service was perfected on R.D. Roth.

{¶5} On October 18, 2024, the clerk of court notified Appellant's counsel that service on Clifton and Sawyer had failed. On December 18, 2024, Appellant filed instructions for service requesting that the clerk of court reissue service on Clifton and Sawyer by ordinary U.S. mail. The clerk reissued service on the same day.

Case No. 2025-G-0022

{¶6}   On March 14, 2025, the trial court filed a letter addressed to Appellant's counsel informing him that Clifton and Sawyer had been served and that failure to apply for default judgment within 28 days may result in the trial court sua sponte dismissing the case pursuant to Civ.R. 41(B)(1) "otherwise than on the merits."

{¶7}   On May 16, 2025, the trial court filed a judgment entry dismissing Appellant's case "without prejudice, for want of prosecution" pursuant to Civ.R. 41(B)(1) and "other than on the merits."

{¶8}   On June 9, 2025, Appellant filed a Motion to Vacate Dismissal pursuant to Civ.R. 60(B).  Appellant contended that it did not receive a copy of the trial court's March 14, 2025 dismissal warning.  On the same day, the trial court filed an order denying Appellant's Motion to Vacate Dismissal.

{¶9}   On June 16, 2025, Appellant timely appealed the trial court's dismissal entry.

{¶10}  On August 15, 2025, Appellant filed its appellate brief, raising one assignment of error.  Appellees did not file answer briefs.

{¶11}  On September 30, 2025, this Court, sua sponte, filed a judgment entry directing Appellant to file a supplemental brief addressing whether the appealed judgment is a final appealable order, and, specifically, whether Appellant is precluded from refiling its complaint.

{¶12}  On October 10, 2025, Appellant filed a supplemental brief that was largely unresponsive.

Case No. 2025-G-0022

**Assignment of Error and Analysis**

{¶13} Appellant's sole assignment of error states: "The trial court committed prejudicial error in dismissing Appellant's complaint for want of prosecution when service had been completed."

{¶14} Appellant argues that the trial court erred by dismissing its complaint because it timely perfected service on Appellees and because the harsh remedy of dismissal was not warranted. We may not reach the merits of Appellant's appeal, however, because the appealed judgment is not a final, appealable order.

{¶15} An appellate court may only consider appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). Art. IV, § 3(B)(2) of the Ohio Constitution provides that a trial court's judgment can only be immediately reviewed by an appellate court if it constitutes a "final order" in the action. *Estate of Biddlestone*, 2011-Ohio-1299, ¶ 3 (11th Dist.). If a lower court's order is not final, an appellate court has no jurisdiction to review the matter, and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. of N. Am.,* 44 Ohio St.3d 17, 20 (1989).

{¶16} The trial court dismissed Appellant's complaint pursuant to Civ.R. 41(B)(1). A dismissal pursuant to Civ.R. 41(B)(1) "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3); *Arner v. Andover Bank*, 2008-Ohio-5857, ¶ 2 (11th Dist.). The trial court specified in its judgment entry that the dismissal was "without prejudice" and "other than on the merits." This Court has recognized that "a dismissal without prejudice leaves the parties in the same position they were in prior to the action being filed." *Arner* at ¶ 2. Thus, in most cases, a dismissal

Case No. 2025-G-0022

without prejudice is not a final appealable order because a party may refile a complaint. *Id.*

{¶17} In its appellate brief, Appellant acknowledged that the dismissal was "without prejudice." However, Appellant stated in a footnote that it "had previously filed a Complaint against Appellees, the case captioned *WCG Properties LLC v. Gina Clifton, et al.*, Case No. 2023 CVF 00482, that was dismissed for want of prosecution on November 15, 2023." However, Appellant did not assert that it is precluded from refiling its complaint. In its supplemental brief, Appellant states that it has "no recourse to refile its action." However, Appellant does not articulate the legal basis for that statement.

{¶18} Appellant may be relying on the "double dismissal" rule in Civ.R. 41(A)(1), which states, "a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court." However, this rule only applies when a *plaintiff* has twice *voluntarily* dismissed an action without prejudice pursuant to Civ.R. 41(A)(1). *Garr v. Columbia Polymers, Inc.*, 2016-Ohio-7555, ¶ 10 (11th Dist.). The rule does not apply where, as here, the dismissal was by court order. *Id*.

{¶19} Alternatively, Appellant may be relying on the saving statute, R.C. 2305.19, which provides, in relevant part:

> In any action that is commenced or attempted to be commenced, . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action [1] within one year after the date of . . . the plaintiff's failure otherwise than upon the merits or [2] within the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A).

{¶20} The Supreme Court of Ohio has explained that "[t]he saving statute allows plaintiffs to refile lawsuits in certain situations after the applicable statute of limitations

Case No. 2025-G-0022

expires." *McCullough v. Bennett*, 2024-Ohio-2783, ¶ 11. "'It acts as an exception to the general bar of the statute of limitations' and is 'intended to provide a litigant an adjudication on the merits.'" *Id.*, quoting *Wilson v. Durrani*, 2020-Ohio-6827, ¶ 11. In *Thomas v. Freeman*, 1997-Ohio-395, the Supreme Court stated that "the savings statute can be used *only once* to refile a case." (Emphasis added.) *Id*. at ¶ 30. More recently, however, the Supreme Court expressly declined to adopt the "dicta" in *Thomas* "suggesting that there is an unwritten one-use restriction on the saving statute." *McCullough* at ¶ 18.

{¶21} There is no indication that Appellant invoked the saving statute when it refiled its complaint on September 30, 2024. This Court has explained that "where a party is not in danger of missing the statute of limitations, that party's refiled action is not governed by the savings statute." *Garr*, 2016-Ohio-7555, at ¶ 8 (11th Dist.). Even if Appellant did previously invoke the saving statute, however, Appellant is not limited to a single refiling. *See McCullough* at ¶ 19.

{¶22} Accordingly, the trial court's dismissal of Appellant's complaint is not a final appealable order. Consequently, this Court is without jurisdiction to consider Appellant's assignment of error.

{¶23} For the foregoing reasons, this appeal is dismissed sua sponte.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-G-0022

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that this appeal is dismissed sua sponte.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---