[Cite as *Riccelli v. Rector*, 2025-Ohio-5358.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

TRACY RICCELLI

    Appellant

    v.

NICHOLAS R. RECTOR

    Appellee

C.A. No.    2025CA0021-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2024CIV0249

DECISION AND JOURNAL ENTRY

Dated: December 1, 2025

---

STEVENSON, Presiding Judge.

{¶1} Plaintiff-Appellant Traci Riccelli ("Riccelli") appeals the judgment of the Medina County Common Pleas Court granting summary judgment in favor of Defendant-Appellee, Nicholas Rector ("Rector") on Riccelli's attempt to utilize Ohio's savings statute to file a second cause of action outside the statute of limitations. For the reasons set forth below, this Court affirms.

I.

{¶2} Jordin Riccelli died on December 17, 2018, as the result of a drug overdose. Appellant Riccelli is Jordin's mother. On December 15, 2020, prior to the expiration of the applicable two-year statute of limitations, Riccelli sued Rector for wrongful death and bodily injury concerning the death of Jordin Riccelli in the Medina County Court of Common Pleas in Case No. 20CIV0939 (the "First Case"). Riccelli voluntarily dismissed that case on December 13, 2021.

**{¶3}** On February 1, 2022, Riccelli filed a second lawsuit in Case No. 22CIV0075 (the "Second Case") setting forth the same claims. The Second Case was filed after the expiration of the two-year statute of limitations but within one-year following the dismissal of the First Case, which the parties do not dispute fell under the savings statute as set forth in R.C. 2305.19. The Second Case was dismissed on December 4, 2023, without prejudice. The court noted in its dismissal entry that Riccelli was given the opportunity to show just cause why service was not timely obtained but she failed to do so.

**{¶4}** On March 20, 2024, Riccelli filed a third lawsuit (the "Third Case") in Case No. 24CIV0249. Rector moved for summary judgment, arguing in support that there was no dispute of material fact that Riccelli's claims were time-barred by the applicable statute of limitations and that Riccelli failed to properly avail herself of the savings statute. Riccelli responded in opposition. The trial court agreed with Rector that the statute of limitations barred Riccelli's claims, granted his motion for summary judgment, and dismissed the Third Case with prejudice.

**{¶5}** Riccelli timely appealed and asserts one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [RECTOR] IN IT'S (SIC) ENTRY DATED MARCH 11, 2025.**

**{¶6}** Under Civ.R. 56(C), summary judgment is appropriate when:

> (1) [no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977).

{¶7} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Ormandy v. Dudzinski*, 2011-Ohio-5005, ¶ 7 (9th Dist.).

{¶8} R.C. 2305.19(A) provides, in relevant part:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶9} "'The savings statute is neither a statute of limitations nor a tolling statute extending the statute of limitations.'" *Allen v. McBride*, 2004-Ohio-7112, ¶ 26, quoting *Lewis v. Connor*, 21 Ohio St.3d 1, 4 (1985). Rather, the statute permits a refiling of a timely filed action. *McCullough v. Bennett*, 2024-Ohio-2783, ¶ 27-28. "Savings statutes operate to give a plaintiff a limited period of time in which to refile a dismissed claim that would otherwise be time-barred." *Internatl. Periodical Distribs. v. Bizmart, Inc.*, 2002-Ohio-2488, ¶ 7.

{¶10} Here, in granting Rector's motion for summary judgment, the trial court reasoned that:

This lawsuit was . . . filed outside of the original two year statute of limitations. [Riccelli] also filed it more than one year after the first lawsuit was dismissed. [Riccelli's] lawsuit is thus barred by the original two year statutes of limitations . . . . for wrongful death and . . . bodily injury . . . . Further, [Riccelli] cannot take advantage of the one year savings statute of R.C. 2305.19 because it had been more than a year since she dismissed the [First Case]. Reasonable minds can only conclude that the statute of limitations bar [Riccelli's] claims.

{¶11} As Rector points out, the Supreme Court of Ohio has recently spoken on this subject in *McCullough*, 2024-Ohio-2783. In that case, the plaintiff attempted to institute a lawsuit

two times *before* the expiration of the statute of limitations, but both complaints were dismissed by the trial court without prejudice. *Id*. at ¶ 3-4. The plaintiff then filed a third complaint after the expiration of the statute of limitations but within one year of the dismissal of the second lawsuit. *Id*. at ¶ 6. The Supreme Court held that based on the plain language of the savings statute, the third complaint was not time-barred. *Id*. at ¶ 14.

{¶12} Here, the First Case against Rector was filed within the two-year statute of limitations. It was voluntarily dismissed by Riccelli, and the Second Case was refiled after the expiration of the appliable two-year statute of limitations, but within one year following the dismissal of the First Case. Unlike McCullough, who did not use the savings statute when he filed his second complaint because he brought it within the statute of limitations, Riccelli used the savings statute to file the Second Case because it was brought outside the statute of limitations, but within one year of the dismissal of the First Case. However, the Third Case was the second one filed *after* the two-year statute of limitations had expired and more than one year after the First Case had been dismissed. Therefore, the Third Case was time-barred.

{¶13} Riccelli does not address *McCullough* and the application of the savings statute. Instead, Riccelli's single argument is that the dismissal of the Second Case was incorrect because service in that case was obtained, and therefore, "the court's basis for the granting of the summary judgment . . . is improper." Even assuming arguendo that Riccelli's claim that the Second Case was improperly dismissed is correct, she makes no argument as to how an improper dismissal of the Second Case means that the court erred in granting summary judgment in Rector's favor in this Third Case. She points to no genuine issue of material facts in this case or explains why as a matter of law the court could not rely on the dismissal of the Second Case when considering the application of the savings statute in the Third Case. We will not develop an argument for her. *See*

*State v. Franks*, 2017-Ohio-7045, ¶ 16 (9th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998) ("[w]here an appellant fails to develop an argument in support of his assignment of error, this Court will not create one for him" and that "'if an argument exists that can support [an] assignment of error, it is not this [C]ourt's duty to root it out.'")

{¶14}  Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of Rector. There is no genuine dispute of material fact that Riccelli's Third Case was time-barred under the statute of limitations. Riccelli's single assignment of error is overruled.

III.

{¶15}  Based on the foregoing, the judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                       _____

                                       SCOT STEVENSON
                                       FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRUCE HALL, Attorney at Law, for Appellant.

FRANK G. MAZGAJ, Attorney at Law, for Appellee.