[Cite as *Liebling v. Columbus State Community College*, 2014-Ohio-3256.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Philip Liebling, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 14AP-172 |
| | | (Ct. of Cl. No. 2013-00584) |
| Columbus State Community College, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 24, 2014

*Johrendt & Holford*, and *Andrew Mills Holford*, for appellant.

*Michael DeWine*, Attorney General, *Amy S. Brown* and *Lindsey M. Grant*, for appellee.

APPEAL from the Court of Claims of Ohio

TYACK, J.

{¶ 1} Philip Liebling is appealing from the failure of the Court of Claims of Ohio to render an immunity determination as to two employees at Columbus State Community College ("Columbus State"). He assigns a single error for our determination:

> IN THE COURT OF CLAIMS, A TRIAL COURT ERRS AS A MATTER OF LAW BY NOT GRANTING THE PLAINTIFF AN IMMUNITY DETERMINATION PRIOR TO DISMISSING THE CASE.

{¶ 2} Liebling commenced litigation in the Franklin County Court of Common Pleas. The Ohio Attorney General's office ("OAG") filed motions to dismiss as to the two employees of Columbus State because they were state employees and no immunity

determination had been made. Counsel for Liebling then filed suit in the Court of Claims seeking immunity determinations.

{¶ 3} In accord with their procedures, the Court of Claims struck the employees from the lawsuit, but then failed to address the immunity issues.

{¶ 4} The OAG which successfully got the lawsuit in the common pleas court dismissed, because no immunity determinations had been made, now resists having an immunity determination being made so a new lawsuit in common pleas can be initiated. The OAG's office argues that Columbus State can no longer be sued successfully because more than two years have elapsed since the events which are the foundation of Liebling's claims. However, the statute of limitations has not run as to the claims against the two employees if they were acting outside of the scope of their employment.

{¶ 5} The Court of Claims found the immunity determinations were moot issues once Columbus State was no longer a party. The Court of Claims erred in that determination. Liebling has a right to a finding about immunity and initiated the process in the Court of Claims properly. The Court of Claims was wrong to find the issue moot.

{¶ 6} The OAG also argues that since the complaint, on its face, alleges that two years had elapsed since the events alleged in the complaint, the Court of Claims could not conduct further proceedings as to the two state employees. We disagree with this argument. The two-year statute of limitations applicable to claims against the state of Ohio does not deprive the Court of Claims of jurisdiction to address immunity issues as to state employees. The Court of Claims can and should proceed to determine if immunity applies.

{¶ 7} A simple example illustrates why this is and should be the law of Ohio. Suppose a juvenile was sexually abused while in the custody of the Ohio Department of Youth Services. The abuse was clearly activity outside the scope of employment of the employee of the Ohio Department of Youth Services. Counsel for the youth has no desire to sue the department, knowing the abuse was not the fault of a state entity. However, litigation could not be commenced within two years for some reason. Possibilities include the youth still being in the custody of the department, which can hold juveniles until age 21; or, the youth has suppressed the memory of the abuse and only has it surfaced after

two years. The Court of Claims clearly should have jurisdiction to make an immunity determination. We reject this argument set forth by the OAG.

{¶ 8} The sole assignment of error is sustained. The judgment of the Court of Claims of Ohio is vacated and the case is remanded to that court to address the immunity issues.

*Judgment vacated and remanded with instructions.*

BROWN and CONNOR, JJ., concur.