[Cite as *Khatri v. Ohio State Univ.*, 2024-Ohio-4700.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Mahesh Khatri, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 24AP-101 |
| v. | : | (Ct. of Cl. No. 2022-00768JD) |
| The Ohio State University et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on September 26, 2024

**On brief:** *Mahesh Khatri*, pro se. **Argued:** *Mahesh Khatri*.

**On brief:** *Dave Yost*, Attorney General, *Randall W. Knutti*, and *Heather M. Lammardo*, for appellee The Ohio State University. **Argued:** *Randall W. Knutti*.

**On brief:** *Marshall Forman & Schlein*, *L.L.C.*, *Edward R. Forman*, and *Samuel M. Schlein*, for appellee Dr. Linda Saif.

APPEAL from the Court of Claims of Ohio

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Mahesh Khatri, pro se, appeals from a January 12, 2024 judgment of the Court of Claims of Ohio denying appellant's motion for summary judgment and granting motions for summary judgment filed by defendants-appellees, The Ohio State University ("OSU") and Dr. Linda Saif. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On September 2, 2008, Khatri began working as a research scientist at OSU's Wooster campus at the Ohio Agricultural Research and Development Center as part of the Food Animal Health Research Program. Khatri initially worked in Dr. Chang Won Lee's

laboratory. Khatri's duties included researching viruses, developing vaccines and therapeutics, developing grant proposals, composing manuscripts and reports, and training and supervising staff members. Khatri asserts that in October 2011, he began reporting to law enforcement and OSU officials that he had personally observed the intentional misuse of federally regulated infectious agents in Dr. Lee's laboratory. Khatri further asserts that his reporting subjected him to retaliation, imposed over the next several years by, among others, OSU employees Dr. David Benfield, Dr. Y.M. ("Mo") Saif, Dr. Gireesh Rajashekara, Dr. Linda Saif, and Human Resources Director Elayne Siegfried. Khatri claims the retaliation against him included negatively reviewing his job performance, obstructing employment opportunities both within and outside OSU, placing him on a Performance Improvement Plan, ordering him to attend psychiatric counseling sessions, ordering him to give cell line technology he developed as part of his research to colleagues, denying him access to suitable laboratory facilities to conduct research, and ordering him to include specific colleagues in his research grants. Khatri alleges the retaliation culminated in the termination of his employment on March 5, 2018. Khatri also asserts that OSU and its employees continue to retaliate against him by impeding his efforts to secure other employment. In addition, Khatri maintains that OSU and its employees continue to benefit financially and professionally through utilization of cell lines he developed and take credit for research he conducted while at OSU.

{¶ 3} On August 28, 2018, Khatri filed a complaint against OSU in the Court of Claims alleging whistle-blower retaliation under R.C. 4113.52. By entry filed November 20, 2018, the Court of Claims, finding that it lacked subject-matter jurisdiction over claims brought pursuant to R.C. 4113.52, dismissed Khatri's complaint without prejudice. *Khatri v. The Ohio State Univ.*, Ct. of Cl. No. 2018-01233JD (Nov. 20, 2018).

{¶ 4} Subsequently, on December 26, 2018, Khatri filed a complaint against OSU in the United States District Court for the Northern District of Ohio, Eastern Division, alleging claims for disability discrimination under the Americans with Disabilities Act ("ADA"), discrimination based on religion in violation of Title VII of the Civil Rights Act ("Title VII"), and general violations of his First Amendment rights. On June 24, 2019, Khatri filed an amended complaint against OSU and individual defendants Drs. Benfield, Mo, Lee, Rajashekara, and Ms. Siegfried in federal court. Khatri asserted federal claims for

First Amendment retaliation under 42 U.S.C. 1983, conspiracy to interfere with civil rights under 42 U.S.C. 1983, disability discrimination under the ADA and Rehabilitation Act, and discrimination based on religion and national origin under Title VII. Khatri also asserted state law claims for intimidation under R.C. 2921.03, civil liability for criminal acts under R.C. 2307.60, and civil conspiracy under Ohio common law.

{¶ 5} On February 9, 2021, the district court dismissed Khatri's federal claims with prejudice; the court declined to exercise supplemental jurisdiction over any of the state law claims and dismissed those claims without prejudice. *Khatri v. Ohio State Univ.*, N.D.Ohio No. 5:18CV02962 (Eastern Div.) 2021 U.S. Dist. LEXIS 27571 (Feb. 9, 2021). On January 25, 2022, the Sixth Circuit Court of Appeals affirmed the district court's ruling, *Khatri v. Ohio State Univ.*, 6th Cir. No. 21-3193, 2022 U.S. App. LEXIS 2170 (Jan. 25, 2022), and on April 5, 2022, denied Khatri's motion for rehearing en banc. *Khatri v. Ohio State Univ.*, 6th Cir. No. 21-3193, 2022 U.S. App. LEXIS 9105 (Apr. 5, 2022). On October 3, 2022, the United States Supreme Court denied Khatri's petition for a writ of certiorari. *Khatri v. Ohio State Univ.*, 143 S.Ct. 248 2022 U.S. LEXIS 4273 (Oct. 3, 2022).

{¶ 6} Thereafter, on November 2, 2022, Khatri filed a complaint in the Court of Claims against OSU and individual defendants Drs. Benfield, Mo, Lee, Rajashekara, Saif, and Ms. Siegfried. Khatri asserted claims against the individual defendants in their official and personal capacities for retaliation under R.C. 2921.05, intimidation under R.C. 2921.03, interfering with civil rights under R.C. 2921.45, and civil conspiracy. Khatri also asserted a claim against OSU for wrongful denial of faculty positions and wrongful termination in violation of public policy. In his prayer for relief, Khatri sought a determination as to whether the actions of the individual defendants "were committed outside the scope of their authority with malicious purpose and bad faith in a reckless manner." (Compl. at 28, ¶ A.)

{¶ 7} On December 1, 2022, OSU filed a motion to dismiss Khatri's complaint pursuant to Civ.R. 12(B)(1) and (6). On December 9, 2022, while OSU's motion to dismiss was pending, Khatri filed a motion requesting an immunity determination as to whether the individual defendants are entitled to personal immunity under R.C. 9.86 as to the four claims asserted against them. A Court of Claims magistrate granted Khatri's motion to the extent that all immunity issues would be determined at trial on the merits.

**{¶ 8}** On January 27, 2023, the Court of Claims filed an entry granting in part and denying in part OSU's motion to dismiss. Specifically, the court dismissed, for lack of jurisdiction and without prejudice, Khatri's claims against the individual defendants alleging criminal offenses. The court declined to dismiss Khatri's claims for wrongful termination in violation of public policy against OSU and civil conspiracy against the individual defendants.[1] After considering OSU's arguments as to the applicability of the two-year statute of limitations under R.C. 2743.16(A) and the inapplicability of R.C. 2305.19(A), we well as Khatri's tolling argument under 28 U.S.C. 1367(d), the court found Khatri's complaint did not recite the procedural history of the prior litigation in a manner sufficient to establish that neither 28 U.S.C. 1367(d) nor R.C. 2305.19 applied. As such, the court concluded that the face of Khatri's complaint did not conclusively demonstrate that the action was time-barred.

**{¶ 9}** Thereafter, with leave of court, Khatri filed an amended complaint naming OSU as the sole defendant. The amended complaint, filed September 11, 2023, is based on the same factual assertions set forth in the November 2, 2022 complaint. In addition, Khatri asserts that, pursuant to a Google search he conducted in January 2022, he discovered that cell lines he developed while employed at OSU were being used by Dr. Saif in her research. The amended complaint sets forth six claims: (1) civil conspiracy by OSU and its employees in retaliation for his reporting of misuse of dangerous infectious agents; (2) wrongful denial of faculty positions and wrongful termination in violation of public policy in retaliation for his reporting of public health safety violations; (3) conversion of cell lines he developed while employed at OSU; (4) intellectual theft of cell lines he developed while employed at OSU; (5) unjust enrichment of OSU through conversion of cell lines he developed while employed at OSU; and (6) lost opportunities for wrongful employment termination. In his prayer for relief, Khatri again sought a determination as to "whether the actions of Defendant's employees/officers Drs. Benfield, Mo Saif, Lee, Rajashekara,

---

[1] The Court of Claims rejected OSU's argument that Khatri's claim for civil conspiracy failed because it was not based on an underlying unlawful act other than criminal wrongdoing, stating "it may arguably be inferred from the complaint that the claim of wrongful termination in violation of public policy is an underlying cause of action for purposes of the civil conspiracy claim. As the wrongful termination claim survives, so too shall the civil conspiracy claim." (Jan. 27, 2023 Entry of Partial Dismissal at 3.)

Linda Saif, and/or Elayne [Siegfried] were committed outside the scope of their authority with malicious purpose and bad faith in a reckless manner." (Am. Compl. at 24, ¶ A.)

{¶ 10} OSU filed an answer on September 25, 2023 and on October 20, 2023 filed a motion for summary judgment. In its motion for summary judgment, OSU, noting that Khatri's complaint was filed over four years after he was terminated from employment in March 2018, argued that all Khatri's claims are time-barred by the two-year statute of limitations set forth in R.C. 2743.16(A). OSU refuted Khatri's assertions that his claims are tolled by 28 U.S.C. 1367(d), arguing that statute does not apply to "nonconsenting state defendants" like OSU. (Oct. 20, 2023 Mot. for Summ. Jgmt. at 2.) OSU also argued that R.C. 2305.19 does not save his claims and that the continuing violation doctrine does not apply. As to Khatri's immunity argument, OSU first argued that Khatri waived such claims because he failed to raise them in his August 2018 complaint. OSU further argued the immunity claims are time-barred under R.C. 2743.02(F) and 2743.16(A). Finally, OSU argued that Khatri's claims for conversion, intellectual theft, and unjust enrichment fail on the merits because under R.C. 3345.14(B), OSU owns any intellectual property Khatri assisted in creating while employed at OSU.

{¶ 11} Khatri filed a cross-motion for summary judgment on October 20, 2023, supported by his own affidavit. Khatri's motion and affidavit essentially reiterated the averments set forth in his complaint regarding the events preceding and following his termination of employment on March 5, 2018.[2]

{¶ 12} As to the timeliness of his claims for civil conspiracy and wrongful termination of employment in violation of public policy, Khatri argued the Court of Claims had already determined in its January 27, 2023 order that such claims were timely under 28 U.S.C. 1367(d) and R.C. 2305.19(A). He further asserted that the remaining claims raised in the complaint were filed well within the two-year statute of limitations set forth in R.C. 2743.16(A).

{¶ 13} Khatri next argued he was entitled to summary judgment as a matter of law on the merits of his claims. Khatri first argued that his civil conspiracy claim qualifies under exceptions to the intra-corporate conspiracy doctrine because OSU employees who were acting outside the scope of their employment conspired with OSU employees who were

---

[2] Khatri attached to his affidavit a list of 42 exhibits referenced therein.

acting within the scope of their employment to terminate him. Next, Khatri argued that his wrongful termination in violation of public policy claim qualifies under an exception to the employment-at-will doctrine, as his termination for reporting serious biosafety violations in the workplace violated Ohio's public policy favoring workplace safety. Khatri further argued that his claims for conversion, intellectual theft, and unjust enrichment remained viable, as OSU and its employees profited, both before and after Khatri's termination of employment, based on research conducted by Khatri during his tenure at OSU.

{¶ 14} Khatri and OSU each filed memoranda in opposition on November 17, 2023. OSU's memorandum refuted Khatri's assertion that the Court of Claims had already held his claims to be timely under 28 U.S.C. 1367(d) and R.C. 2305.19(A), arguing that the standards applicable to motions to dismiss and motions for summary judgment are different and that the denial of a motion to dismiss is interlocutory and may be revisited at any time. OSU also refuted Khatri's assertion regarding his civil conspiracy claim, arguing the state is the only defendant in the Court of Claims and cannot conspire with itself.

{¶ 15} Khatri's memorandum refuted OSU's assertion that he waived his right to an immunity determination because he did not raise the issue in his August 2018 complaint. Khatri argued that the presumption of a knowing, intelligent, and voluntary waiver applicable to a claim filed pursuant to R.C. 2743.02 when the party is represented by counsel did not apply to him because he was proceeding pro se. Khatri also refuted OSU's assertion that the Court of Claims had not already held his claims to be timely under 28 U.S.C. 1367(d) and/or R.C. 2305.19(A), arguing the court had ruled that OSU was a consenting defendant in Khatri's federal court action and his state law claims were not dismissed on Eleventh Amendment grounds. As to his claims for conversion and unjust enrichment, Khatri argued that even assuming OSU owned the cell line he developed pursuant to R.C. 3345.14(B), he was still entitled to receive his share of royalties pursuant to Ohio Adm.Code 3349-20-50.

{¶ 16} On October 20, 2023, Dr. Saif filed a motion for summary judgment regarding her personal immunity under R.C. 2743.02(F) and 9.86. Dr. Saif first argued that in failing to request an immunity determination in his 2018 complaint, Khatri waived any cause of action based on the same acts upon which Khatri based his original claims against OSU's employees. Dr. Saif further argued that Khatri's claims are barred by the

statute of limitations set forth in R.C. 2743.16(A) and that neither 28 U.S.C. 1367(d) nor R.C. 2305.19(A) rendered timely the claims. Dr. Saif also argued that Khatri's claims are moot because even if immunity is lost, the claims could not be filed in another court because they are time-barred by the applicable four-year statute of limitations set forth in R.C. 2305.09. Finally, Dr. Saif argued that Khatri's claims for conversion and unjust enrichment failed on the merits because under R.C. 3345.14(B), OSU owns any intellectual property created by Khatri during his employment relationship with OSU.

{¶ 17} Khatri filed a memorandum contra Dr. Saif's motion for summary judgment on November 17, 2023. Echoing the arguments set forth in his response to OSU's motion for summary judgment, Khatri disputed Dr. Saif's contentions that he waived his immunity claims, that his claims were time-barred and that his claims for unjust enrichment, conversion, and intellectual theft were without merit pursuant to R.C. 3345.14(B). Khatri further argued that even assuming OSU owned the cell line he developed, pursuant to R.C. 3345.14(B), he was entitled to receive his share of royalties pursuant to Ohio Adm.Code 3349-20-50.

{¶ 18} On January 12, 2014, the Court of Claims issued a decision on the motions for summary judgment. After setting forth the procedural history of the case, including Khatri's commencement of the present action against OSU on November 2, 2022 (which, the court noted, was filed more than four years after his termination of employment on March 5, 2018), the court first addressed the parties' arguments regarding the timeliness of Khatri's claims for civil conspiracy and wrongful termination in violation of public policy. The court rejected Khatri's contention that the tolling provision set forth in 28 U.S.C. 1367(d) renders these two claims timely filed. Specifically, the court concluded that 28 U.S.C. 1367(d) does not apply to state claims filed in federal court against non-consenting states like Ohio. The court further found that the two claims were not tolled by the continuing violation doctrine, as that doctrine is generally inapplicable outside the context of Title VII and Khatri did not identify any authority extending the doctrine to encompass his claims. Finally, the court rejected Khatri's argument that the claims were rendered timely by operation of R.C. 2305.19(A). Specifically, the court found that "[w]hether or not [Khatri] filed the second action [the December 2018 federal action] within the period of the original applicable statute of limitations, courts have held that 'the refiled complaint is

considered to be filed through the invocation of R.C. 2305.19,' " and that Khatri "cannot again invoke the saving statute to render timely his third action [the present action] against [OSU] challenging the termination of his employment." (Jan. 12, 2024 Decision at 5.) Accordingly, the court granted summary judgment to OSU on Khatri's claims for civil conspiracy and wrongful termination in violation of public policy.

{¶ 19} As to the timeliness of Khatri's claims for conversion and unjust enrichment,[3] the Court of Claims noted Khatri's conclusory assertion that these claims were filed within the two-year statute of limitations set forth in R.C. 2743.16(A). The court found, however, that the factual allegations in Khatri's amended complaint established that such claims arose from actions taken by OSU during Khatri's employment with OSU, which ended more than four years before he commenced the present action. As such, because OSU's actions occurred more than two years prior to the November 2, 2022 commencement of the present action, the claims are barred by R.C. 2743.16(A). In addition, the court found that even if the two claims were timely filed, they failed as a matter of law pursuant to the plain language of R.C. 3345.14(B) and that Ohio Adm.Code 3349-20-50 does not apply to OSU. Accordingly, the court granted OSU's motion for summary judgment on Khatri's claims for conversion, intellectual theft, unjust enrichment, and lost opportunities for wrongful termination.

{¶ 20} As a final matter, the Court of Claims addressed the personal immunity issue. Acknowledging the arguments raised by OSU and Dr. Saif that Khatri's request for an immunity determination is time-barred by the two-year statute of limitations set forth in R.C. 2743.16(A), the court recognized this court's decision in *Liebling v. Columbus State Community College*, 10th Dist. No. 14AP-172, 2014-Ohio-3256. The court construed *Liebling* as holding that "even though an action was filed more than two years later than the underlying events and the claims against the state were dismissed as untimely, the Court of Claims was still required to make an immunity determination pursuant to R.C. 2743.02(F) where 'the statute of limitations has not run as to the claims against the * * * employees if they were acting outside of the scope of their employment.' " (Jan. 12, 2024

---

[3] The court noted Khatri's concession that his claims for "[i]ntellectual [t]heft" and "[l]ost [o]pportunities for [w]rongful employment termination" are not causes of action recognized under Ohio law and are subsumed under his claims for conversion and wrongful termination in violation of public policy, respectively. (Jan. 12, 2024 Decision at 7.)

Decision at 10, quoting *Liebling* at ¶ 4.) Noting that Khatri filed his claim for wrongful termination in violation of public policy outside the four-year statute of limitations applicable to such a claim, the court concluded that Khatri had no claim for wrongful termination in violation of public policy against the individuals for which the court would have authority to decide an immunity question. With respect to Khatri's conversion and unjust enrichment claims, the court noted its previous conclusion that no relief could be afforded on such claims inasmuch as the intellectual property at issue does not belong to Khatri as a matter of law. As to Khatri's civil conspiracy claim, the court concluded that because that claim was derivative of other claims found to be without merit, the conspiracy claim failed. Accordingly, the court concluded that because Khatri had no claims for relief arising under state law against the individuals for whom he seeks an immunity determination, it had no basis upon which to conduct an immunity determination; as such, the court found the request for an immunity determination to be moot.

{¶ 21} In sum, the Court of Claims granted the motions for summary judgment filed by OSU and Dr. Saif, rendered judgment in favor of OSU, dismissed Khatri's request for an immunity determination, and denied Khatri's motion for summary judgment. The court memorialized its decision in a judgment entry filed the same day.

## II. Assignments of Error

{¶ 22} In a timely appeal, Khatri raises the following four assignments of error for our review:

> [I.] The Trial Court erred by granting Summary Judgment in favor of Defendant-Appellee on all claims asserted by Plaintiff-Appellant in the Amended Complaint.
>
> [II.] The Trial Court erred by granting Summary Judgment in favor of Defendant-Appellee's employees Drs. Benfield, Mo Saif, Lee, Rajashekara, and Elayne Siegfried who were individual Defendants in Plaintiff-Appellant's Federal Court action, on Plaintiff-Appellant's request for immunity determination.
>
> [III.] The Trial Court erred by granting Summary Judgment in favor of Defendant-Appellee's employee Dr. Linda Saif on Plaintiff-Appellant's request for immunity determination.
>
> [IV.] The Trial Court erred as a matter of law in denying Plaintiff-Appellant's Motion for Summary Judgment.

## III. Discussion

{¶ 23} Because Khatri's first and fourth assignments of error are interrelated, we address them together. In them, Khatri challenges the Court of Claims' judgment granting OSU's motion for summary judgment and denying his cross-motion for summary judgment on the basis that Khatri's claims are barred by the two-year statute of limitations set forth in R.C. 2743.16(A).

{¶ 24} Preliminarily, we note that " '[o]rdinarily, a denial of a motion for summary judgment is not a final appealable order, but where the matter is submitted upon cross-motions and a final judgment was entered against the appellant, an appellate court properly may review the denial of the cross-motion.' " *Smith v. McDiarmid*, 10th Dist. No. 21AP-199, 2022-Ohio-2151, ¶ 26, quoting *DeAscentis v. Margello*, 10th Dist. No. 04AP-4, 2005-Ohio-1520, ¶ 25. *See also Tower 10, L.L.C. v. 10 W. Broad Owner, L.L.C.*, 10th Dist. No. 18AP-998, 2020-Ohio-3554, ¶ 44, citing *DeAscentis*. Thus, because the Court of Claims granted summary judgment in favor of OSU, we may review its denial of Khatri's cross-motion for summary judgment.

{¶ 25} "A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party." *Innovative Architectural Planners, Inc. v. Ohio Dept. of Adm. Servs.*, 10th Dist. No. 23AP-116, 2024-Ohio-824, ¶ 18, citing *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29, and *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. "Appellate review of a trial court's ruling on a motion for summary judgment is de novo." *Id.*, citing *Hudson* at ¶ 29. "This means that an appellate court conducts an independent review, without deference to the trial court's determination." *Id.*, citing *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.), and *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 26} "The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact." *Id.* at ¶ 19, citing

*Dresher v. Burt*, 71 Ohio St.3d 280, 293 (1996). "The moving party does not discharge this initial burden under Civ.R. 56 by simply making conclusory allegations." *Id.*, citing *Dresher* at 293. "Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.*, citing *Dresher* at 293. "If the moving party meets its initial burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial." *Id.*, citing Civ.R. 56(E) and *Dresher* at 293. "If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party." *Id.*, citing *Dresher* at 293.

{¶ 27} Khatri maintains that the Court of Claims erred in determining his claims against OSU are barred by the two-year statute of limitations set forth in R.C. 2743.16(A). That statute provides, in relevant part, that "civil actions against the state permitted by [R.C. 2743.01 to 2743.20] shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." R.C. 2743.16(A). "Under Ohio law, the general rule is that 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.' " *Marok v. Ohio State Univ.*, 10th Dist. No. 13AP-12, 2014-Ohio-1184, ¶ 25, quoting *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998).

{¶ 28} Khatri does not challenge the Court of Claims' finding that his cause of action accrued on March 5, 2018 when he was terminated from his employment,[4] or its finding that he commenced his action more than four years after that date, which was outside the two-year statute of limitations. Instead, Khatri argues the court erred in rejecting his arguments that the statute of limitations was tolled under the continuing violation doctrine, tolled by operation of 28 U.S.C. 1367(d), and/or extended by application of R.C. 2305.19(A).

{¶ 29} We turn first to Khatri's argument that the two-year statute of limitations in R.C. 2743.16(A) was tolled by the continuing violation doctrine. As noted above, Khatri maintains that OSU and its employees continue to retaliate against him by impeding his efforts to secure other employment and continue to utilize cell lines he developed and take

---

[4] In failing to challenge this finding, Khatri implies that his cause of action accrued on the date of his employment termination in March 2018, despite the fact that the alleged retaliation occurred between October 2011 until the date of his termination.

credit for research he conducted while at OSU. This court recently addressed the continuing violation doctrine in *Innovative Architectural*, 2024-Ohio-824. There, we explained that "under the continuing violation doctrine, 'a course of misconduct is not divided into acts occurring inside and outside the limitations period, but is instead aggregated into "one single violation that, taken as a whole, satisfies the applicable statute of limitations." ' " *Id.* at ¶ 60, quoting *Poly-Med, Inc. v. Novus Scientific PTE., Ltd.*, 841 Fed.Appx. 511, 515 (4th Cir.2021), quoting *Hamer v. Trinidad*, 924 F.3d 1093, 1110 (10th Cir.2019). "The continuing violation doctrine effectively tolls the statute of limitations so that the plaintiff has a cause of action for any damages suffered from the start of the misconduct until the end." *Id.*, citing *Poly-Med* at 515-16. We noted that the Supreme Court of Ohio, in refusing to apply the continuing violation doctrine to a takings case, repeated the observation of the United States Court of Appeals for the Sixth Circuit that "[c]ourts have been extremely reluctant to apply this doctrine outside the context of Title VII." (Internal quotations omitted.) *Id.* at ¶ 61, quoting *State ex rel. Nickoli v. Erie Metroparks*, 124 Ohio St.3d 449, 2010-Ohio-606, ¶ 31, quoting *Natl. Parks Conservation Assn., Inc. v. Tennessee Valley Auth.*, 480 F.3d 410, 416 (6th Cir.2007), quoting *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir.1995). We further noted that at least two Ohio courts, including this court, have refused to extend the continuing violation doctrine outside the context of Title VII. *Id.*, citing *Cooper v. W. Carrollton*, 2d Dist. No. 27789, 2018-Ohio-2547, ¶ 39, 41, and *Marok* at ¶ 26. Khatri has not provided this court with any legal authority extending the continuing violation doctrine to any of the claims he asserts.

{¶ 30} We next consider Khatri's contention that the two-year statute of limitations in R.C. 2743.16(A) was tolled by operation of 28 U.S.C. 1367(d). In *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, the Supreme Court stated "28 U.S.C. 1367(d), * * * tolls the period of limitations for any state claim over which a federal court has supplemental jurisdiction if the claimant asserted the claim in a federal court case. The period of limitations 'shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.' " *Id.* at ¶ 7, quoting 28 U.S.C. 1367(d). The Court of Claims concluded that 28 U.S.C. 1367(d) does not apply to

state claims filed in federal court against a "nonconsenting" state like Ohio, who has only consented to be sued in only one forum—the Ohio Court of Claims.

{¶ 31} Khatri first argues that in finding the tolling provision in 28 U.S.C. 1367(d) inapplicable, the Court of Claims disregarded its prior ruling issued in its January 23, 2023 order partially denying OSU's motion. Khatri contends that in that order, the court ruled that OSU is a consenting defendant, that the state law claims against it were not dismissed on Eleventh Amendment grounds, and that 28 U.S.C. 1367(d) applies to toll his state law claims, rendering them timely filed. Khatri misinterprets the January 23, 2023 order. As noted above, the court merely found that Khatri's complaint did not recite the procedural history of the prior litigation in a manner sufficient to establish that 28 U.S.C. 1367(d) applied; as such, the face of the complaint did not conclusively demonstrate Khatri's action was time-barred. Contrary to Khatri's contention, the court did not expressly find that his action was rendered timely by 28 U.S.C. 1367(d).

{¶ 32} Khatri further contends that OSU's failure to assert Eleventh Amendment immunity regarding his Rehabilitation Act claim against OSU and the individual defendants in his federal court action was "clear evidence that OSU was a consenting [d]efendant" in the federal court action for purposes of 28 U.S.C. 1367(d). (Appellant's Brief at 33.) In support, Khatri relies on one sentence in the January 17, 2020 federal magistrate's report and recommendation—" '[a]s for the individually-named defendants, the state waiver for the Rehabilitation Act claim also waives any applicable Eleventh Amendment immunity.' " (Appellant's Brief at 33, citing *Khatri v. Ohio State Univ.*, N.D. Ohio No 5:18CV2962, 2020 U.S. Dist. LEXIS 16965 (Jan. 17, 2020). The magistrate's averment cannot be interpreted as providing "clear evidence" that OSU was a consenting defendant for purposes of 28 U.S.C. 1367(d). Indeed, the magistrate had no occasion to consider 28 U.S.C. 1367(d).

{¶ 33} Finally, we consider Khatri's argument that the two-year statute of limitations in R.C. 2743.16(A) was extended pursuant to R.C. 2305.19(A). That statute "allows plaintiffs to refile lawsuits in certain situations after the applicable statute of limitations expires." *McCullough v. Bennett*, ___ Ohio St.3d ___, 2024-Ohio-2783, ¶ 11. R.C. 2305.19(A) " 'acts as an exception to the general bar of the statute of limitations' and is 'intended to provide a litigant an adjudication on the merits.' " *Id.*, quoting *Wilson v.*

*Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, ¶ 11. The current version of R.C. 2305.19(A) provides in relevant part: "In any action that is commenced * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." R.C. 2305.19(A).[5]

{¶ 34} Khatri first contends the Court of Claims' finding that his claims are not rendered timely by R.C. 2305.19(A) essentially ignores its prior ruling issued on January 23, 2023. As noted above, in that order, the court merely found that Khatri's complaint did not recite the procedural history of the prior litigation in a manner sufficient to establish that R.C. 2305.19(A) applied, and as such, the face of the complaint did not conclusively demonstrate Khatri's action was time barred. Contrary to Khatri's contention, the court did not expressly find that his action was rendered timely by operation of R.C. 2305.19(A).

{¶ 35} Khatri next contends the Court of Claims erroneously determined that he invoked R.C. 2305.19(A) when he re-filed his complaint in federal court in August 2018. Khatri maintains that because he filed that action within the original two-year statute of limitations, he did not "use" R.C. 2305.19(A) to file his federal court action. (Appellant's Brief at 39.) According to Khatri, because R.C. 2305.19(A) was not invoked when he filed his second complaint, the filing of his third action constituted the first invocation of R.C. 2305.19(A). Khatri's contention appears to be based on the former version of R.C. 2305.19(A), which provided in relevant part that: "In an action commenced * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date." *McCullough* at ¶ 12, quoting former R.C. 2305.19. Under that version, R.C. 2305.19 only applied where the action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal. *McCullough* at ¶ 23, citing *Reese v. Ohio State Univ. Hosps.*, 6 Ohio St.3d 162, 163 (1983).

---

[5] R.C. 2305.19 was amended in 2004. *McCullough* at ¶ 12. The statute was amended again in March 2010 to add division (C). R.C. 2305.19(C) has no bearing on the present case.

{¶ 36} However, the amendment to R.C. 2305.19 "eliminate[d] the requirement that the statute of limitations had expired at the time of the complaint's failure." *McCullough* at ¶ 24. "Under the current version of [R.C. 2305.19], a claim may be re-filed using [R.C. 2305.19] on the latter of the following two timeframes: (1) within one year from the date of reversal or failure other than on the merits or (2) within the period of the original statute of limitations." *Wright v. Proctor-Donald*, 5th Dist. No. 2012-CA-0154, 2013-Ohio-1973, ¶ 11.

{¶ 37} Khatri filed his original complaint on August 28, 2018. The Court of Claims dismissed that complaint without prejudice on November 20, 2018. "[A] ' "dismissal without prejudice constitutes a termination 'otherwise than upon the merits,' for savings statute purposes." ' " *McCullough* at ¶ 14, quoting *Frysinger v. Leech*, 32 Ohio St.3d 38, 42 (1987), quoting *Chadwick v. Bara Lou, Inc.*, 69 Ohio St.2d 222, 226 (1982). Under the amended version of R.C. 2305.19(A), the dismissal triggered R.C. 2305.19(A), meaning that Khatri could refile his action within the latter of one year from the dismissal otherwise than on the merits (which would be November 18, 2019), or the end of the two-year limitations period (which would be March 5, 2020). Khatri refiled his complaint in federal court on December 26, 2018, prior to expiration of the two-year statute of limitations. However, the federal court dismissed that complaint without prejudice (otherwise than upon the merits) on February 9, 2021. When Khatri filed his complaint in the Court of Claims on November 2, 2022, he had already utilized R.C. 2305.19(A) for his December 26, 2018 filing.

{¶ 38} Relying on this court's decision in *Moore v. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607, the Court of Claims stated that R.C. 2305.19(A) may be used only once to re-file a case. Indeed, in *Moore*, we averred that "[i]t is axiomatic that the savings statute may be used only once to re-file a case." *Id.* at ¶ 20, citing *Bailey v. Ohio Dept. of Transp.*, 10th Dist. No. 07AP-849, 2008-Ohio-1513, ¶ 10, citing *Thomas v. Freeman*, 79 Ohio St.3d 221, 227 (1997). Accordingly, the Court of Claims concluded Khatri could not again invoke the savings statute to render timely his third action against OSU challenging the termination of his employment.

{¶ 39} Approximately six months after the Court of Claims issued its judgment entry and approximately one month after the parties presented oral argument in the present case, the Supreme Court held in *McCullough* that a plaintiff may use R.C. 2305.19(A) to file a

third complaint when the first two complaints fail otherwise than on the merits and the third complaint is filed within one year of the dismissal of the second complaint. The Supreme Court rejected the defendant's contention that it had created a one-use limitation on the use of R.C. 2305.19(A). *Id*. at ¶ 16. Noting the defendant's reliance on *Thomas*, the court stated that the one-use limitation derived from dicta in that case, and that it "[has] never cited the *Thomas* dicta suggesting that there is an unwritten one-use restriction to the saving statute." *McCullough* at ¶ 18. The court acknowledged that "the *Thomas* dicta has, however, been invoked frequently by lower courts." *Id*. The court declined to adopt the *Thomas* one-use limitation dicta, reasoning that *Thomas* dealt with the former version of R.C. 2305.19 and the facts of the case did not present a question about how many times R.C. 2305.19(A) could be used. *Id*. at ¶ 16, 17. On July 24, 2024, the day *McCullough* was decided, Khatri filed a notice of supplemental authority ("NOSA") directing this court's attention to *McCullough*. OSU has not responded to Khatri's NOSA filing.

{¶ 40} Although *McCullough* declined to adopt the *Thomas* dicta regarding the one-use restriction on use of R.C. 2305.19(A), *McCullough* does not aid Khatri's cause. As already noted, the Supreme Court determined that a plaintiff may use R.C. 2305.19(A) to file a third complaint when the first two complaints fail otherwise than on the merits and the third complaint is filed within one year of the dismissal of the second complaint. In the present case, the district court dismissed Khatri's second complaint on February 9, 2021; Khatri did not file his third complaint until November 2, 2022, more than one year after dismissal of the second complaint. Accordingly, Khatri cannot invoke R.C. 2305.19(A) to protect his third complaint.

{¶ 41} Moreover, R.C. 2305.19 only applies when the original and subsequent actions are "substantially the same." *Jones v. Chillicothe Corr. Inst*., 10th Dist. No. 11AP-758, 2012-Ohio-1762, ¶ 8, fn. 2, citing *Children's Hosp. v. Ohio Dept. of Public Welfare*, 69 Ohio St.2d 523, 525 (1982). Actions are not "substantially the same" when the claims or parties in the original action are different than the claims or parties in the subsequent actions. *Id*. Although OSU has been a party in all three actions filed by Khatri, he has asserted different claims in all three actions. Khatri's first action raised claims under the whistle-blower statute, R.C. 4113.52. His second action raised state law claims for intimidation under criminal law, civil liability for criminal actions, and civil conspiracy. His

third action raised claims for civil conspiracy, wrongful termination in violation of public policy, conversion, intellectual theft, unjust enrichment, and lost opportunities for wrong termination. Because the actions are not substantially the same, R.C. 2305.19 does not apply. *Jones.*

{¶ 42} Finally, we address Khatri's contention that the Court of Claims erred by finding that Ohio Adm.Code 3349-20-50 does not apply to OSU. Khatri does not challenge the court's determination that his claims for conversion and unjust enrichment fail as a matter of law under R.C. 3345.14(B), which provides in part:

> All rights to and interests in discoveries, inventions, or patents which result from research or investigation conducted in any experiment station, bureau, laboratory, research facility, or other facility of any state college or university, or by employees of any state college or university acting within the scope of their employment or with funding, equipment, or infrastructure provided by or through any state college or university, shall be the sole property of that college or university. * * * [N]o * * * employee * * * of such college or university participating in or making such discoveries or inventions, shall have any rights to or interests in such discoveries or inventions, including income therefrom, except as may, by determination of the board of trustees of such college or university, be assigned, licensed, transferred, or paid to such persons or entities in accordance with division (C) of this section or in accordance with rules adopted under division (D) of this section.

{¶ 43} Instead, Khatri maintains that pursuant to Ohio Adm.Code 3349-20-50, he is entitled to receive his share of any royalties OSU has received for his discoveries, inventions, or innovations and that the Court of Claims erroneously determined that this regulation does not apply to OSU.

{¶ 44} Initially, we note that Khatri's Ohio Adm.Code 3349-20-50 argument was raised in a single sentence in his November 17, 2023 memorandum contra OSU's motion for summary judgment ("Even assuming OSU owns Plaintiff's cell line, Plaintiff is entitled to receive his share of royalties. *See* Rule [Ohio Adm.Code] 3349-20-50."). (Nov. 17, 2023 Memo Contra at 9.) Other than a general citation to the regulation, Khatri did not cite any legal authority for his proposition. Indeed, Khatri did not even cite the particular subsection of Ohio Adm.Code 3349-20-50 upon which he relied. Secondly, Khatri did not provide any

evidentiary materials to support his claim that OSU has received royalties for any of his alleged discoveries, inventions, or innovations. Thirdly, although the Court of Claims did not expressly so state, it appears that its determination that the regulation pertains to Northeast Ohio Medical University, not OSU, is supported by Ohio Adm.Code 3349-20-50(D)(13)(b)(iii), which states that "[t]he following notice is to appear on all university-owned material: Copyright © (year) Northeast Ohio Medical University Rootstown, Ohio. All rights reserved." Khatri does not offer any legal authority addressing this section of the regulation. Finally, we note the Court of Claims had already concluded that Khatri's claims for conversion and unjust enrichment are barred by R.C. 2743.16(A).

{¶ 45} Having determined that the two-year statute of limitations set forth in R.C. 2743.16(A) is not tolled by the continuing violation doctrine or by operation of 28 U.S.C. 1367(d), and/or is not rendered timely by R.C. 2305.19(A), and that Khatri's claims for conversion and unjust enrichment fail on their merits, we conclude the Court of Claims properly granted OSU's motion for summary judgment and denied Khatri's motion for summary judgment.

{¶ 46} Accordingly, Khatri's first and fourth assignments of error are overruled.

{¶ 47} Khatri's second and third assignments of error are interrelated and will be considered together. In them, Khatri contends the Court of Claims erred by granting the motions for summary judgment filed by OSU and Dr. Saif on his request for an immunity determination regarding OSU employees Drs. Benfield, Mo, Lee, Rajashekara, Saif, and Ms. Siegfried.

{¶ 48} R.C. 2743.02(F) states in part:

> A civil action against an officer or employee, as defined in [R.C. 109.36], that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims that has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under [R.C. 9.86] and whether the courts of common pleas have jurisdiction over the civil action. The officer or employee may participate in the immunity determination proceeding before the court of claims to determine whether the officer or employee is entitled to personal immunity under [R.C. 9.86].

{¶ 49} R.C. 9.86 provides in part:

> [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 50} Thus, "R.C. 9.86 generally immunizes state officers and employees from personal liability for civil actions arising from the performance of their duties, 'unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.' " *Miracle v. Ohio Dept. of Veterans Servs.*, 157 Ohio St.3d 413, 2019-Ohio-3308, ¶ 29, quoting R.C. 9.86, citing *Theobald v. Univ. of Cincinnati*, 111 Ohio St.3d 541, 2006-Ohio-6208, ¶ 13. Pursuant to R.C. 9.86, the Court of Claims has authority to decide immunity questions only in civil actions arising under state law. *Id.* at ¶ 30, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292 (1992).

{¶ 51} Here, the Court of Claims acknowledged this court's decision in *Liebling*, 2014-Ohio-3256, wherein we held that even when an action is filed more than two years after the underlying events and the claims against the state are dismissed as untimely, the Court of Claims is not deprived of jurisdiction to address immunity issues as to state employees if the statute of limitations has not run as to the claims against the employees if they were acting outside the scope of their employment. *Id.* at ¶ 4-7.

{¶ 52} Following *Liebling*, the Court of Claims analyzed the potential claims Khatri would have against the individuals for whom he sought an immunity determination (if they were acting outside the scope of their employment or with malicious purpose, in bad faith, or in a wanton or reckless manner). The court first found any potential claims Khatri would have for wrongful termination in violation of public policy are barred by the applicable four-year statute of limitations in R.C. 2305.09(D). The court next found that any potential claims Khatri would have for conversion and unjust enrichment are barred by R.C. 3345.14(B). Finally, the court found that any potential claims Khatri would have for civil conspiracy are not viable given that he has no actionable tort claims underlying any alleged

conspiracy between OSU and the individuals for whom he seeks an immunity determination. Accordingly, the court concluded that because Khatri has no claims for relief arising under state law against the individuals for whom he seeks an immunity determination, it had no basis on which to conduct an immunity determination.

{¶ 53} Khatri does not challenge any particular aspect of the court's analysis; rather, he simply argues that the court "erred by not applying 28 U.S.C. 1367(d) or the Ohio saving statute and finding Khatri's Civil Conspiracy and Wrongful termination claims untimely for the immunity determination," and that because his claims for conversion and unjust enrichment were filed "well within the two year limitation period of Khatri's filing of this case in the Court of Claims on November 2022," the court "erred in concluding that [the conversion and unjust enrichment claims] were time-barred and moot and granted Dr. Linda Saif's Motion for Summary Judgment." (Appellant's Brief at 42; 49-50.) Khatri essentially re-packages arguments this court has already found to be without merit. Thus, we conclude the Court of Claims did not err in granting the motions for summary judgment filed by OSU and Dr. Saif and denying Khatri's request for an immunity determination as to Drs. Benfield, Lee, Mo, Rajashekara, Saif, and Ms. Siegfried.

{¶ 54} Accordingly, we overrule Khatri's second and third assignments of error.

## IV. Conclusion

{¶ 55} Having overruled Khatri's four assignments of error, we hereby affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

———————